ADDIE WATSON, LUCY BOWEN, CHARLES PROBASCO, JOHN F. PROBASCO AND JANE DAVIS v. EUGENE HILLMAN, RANSOM ECKLES AND JAMES BOON.

*Deed—Delivery to husband of deed to wife.*

A man deeded to his brother under an arrangement that was afterward abandoned, but the grantor obtained a conveyance back to his wife, which was not delivered to her, but to him. *Held*, that her heirs could not claim under such a deed without some evidence that she was a party to the delivery.

Error to Newaygo. (Fuller, J.) May 12.—Sept. 29.

. EJECTMENT. Defendant brings error. Reversed.

*George Luton* and *A. G. Day* for appellant.

. *William D. Fuller* for appellee.

. CAMPBELL, J. In this case it appears that a part of the plaintiffs were defendants in a chancery suit in which they were decreed to have no title against the second wife of John Probasco. It was their duty in that case, if they had any superior title, to maintain it. If they found newly-discovered facts which would make out a defense, it would have been their duty, if they desired to avail themselves of them, to have the decree opened by bill of review. They cannot attack it collaterally.

The deed from John Probasco to Uzal was, according to the testimony of Uzal, part of an entire contract for the exchange of lands, which was abandoned. Uzal therefore took nothing by it. And I think that the action of John Probasco in giving it a different direction, and obtaining a conveyance to his wife, delivered to himself, and not to her, could not be operative on behalf of her heirs without some evidence that she was cognizant of and a party to the delivery by some acceptance or approval.

A new trial should be granted.

CHAMPLIN, J. concurred.

COOLEY, C. J. I concur in this opinion on the point last above stated.

SHERWOOD, J. (dissenting). The plaintiffs are the lawful heirs of Rosanna Probasco, deceased, and as such bring ejectment to recover of defendants possession of the southwest quarter of the southwest quarter of section 26, and the southeast quarter of the southeast quarter of section 27, in township twelve north, in range eleven west, in the county of Newaygo. The defendants all appeared and pleaded to the declaration. The trial was had in the Newaygo circuit before a jury, and a judgment was obtained for the plaintiffs. Defendants bring error.

The land in question was conveyed to John Probasco by the United States, March 10, 1856. Both sides claim through this party. The testimony tends to show that John Probasco and Rosanna, his wife, conveyed the land in question to John's brother, Uzal Probasco, by quitclaim deed, on or about the first day of October, 1856, which deed was stolen or lost, and never recorded, and that on the 12th day of November, 1856, Uzal Probasco and Anna M. Probasco, his wife, conveyed the land in question to Rosanna Probasco. This deed was recorded on the 27th day of December, 1882.

There is no question but that the plaintiffs are children of John and Rosanna Probasco. The testimony shows that John Probasco, while he resided in the township of Groton, lived on no other land, and that Rosanna lived with her husband on the land in question from 1855 to 1873, when she died, and John died in 1880. On the 26th of April, 1874, John Probasco married his second wife, Elizabeth Barnes, and lived with her until July, 1875, when they separated, and she obtained a divorce from him, with a decree for $600 permanent alimony, on the 14th day of October, 1879. On the 15th day of December, 1881, the land in question was sold by the sheriff of Newaygo county upon said decree, to satisfy the amount thereof, to Albert G. Day and James Barton, who were the solicitors for the complainant in the suit. On the 13th day of November, 1882, Barton and Day conveyed the property by quitclaim deed to the defendant Eugene H. Hillman, and on the 16th day of December, 1882, the sheriff of Newaygo county executed, in pursuance of the sale for alimony under said execution, a deed of said premises to the said Hillman, as assignee of said Barton and Day. Under the title thus obtained, Hillman defended the plaintiff's suit.

Defendants Eckles and Boon, it appears, had no interest in the land, and never were in the possession or occupancy of the same, except as employees of Hillman and engaged in cutting timber and clearing thereon, and it further appears that previous to bringing this suit Hillman was never in the possession or occupancy of the land only as he exercised ownership in cutting timber on the premises.

The record further shows that when the said Elizabeth commenced her divorce suit on the 10th day of July, 1878, she caused to be filed a lis pendens in the proper office, giving notice that she claimed dower rights and alimony interests in the land; and shows further that, pending the divorce proceeding, John Probasco, by warranty deed, conveyed to each of his sons, John F. and Charles Probasco, one-half of the lands in question, and that after the levy of the execution thereon Elizabeth Probasco filed a bill to set aside said deeds as fraudulent against her, in aid of the execution, and subsequently the circuit court for the county of Newaygo granted to her the relief prayed in the bill. John Probasco, John F. and Charles Probasco, and one Winfield S. Gerrish were made defendants in that suit and all personally served with process. No defense appears, however, to have been made, and the bill was taken as confessed against all the defendants.

The assignments of error, or at least several of them, are very indefinite in referring to the portions of the record excepted to, and although we do not feel at liberty in this case to pass any of them for that reason, it would be much more satisfactory to the Court if counsel had been more specific and particular in complying with the practice. The first, second, third, fourteenth and fifteenth relate wholly or in part to the reception of the deposition of Uzal Probasco in evidence, and to the several rulings on objections made to specific questions contained therein. After a full examination of the record upon these exceptions, we are satisfied the deposition was properly received. The notice given for taking it was under How. Stat. § 7475, and was sufficient under the objections as made. It was as unnecessary that the interrogatories should be in writing as that any commission should be issued for the purpose. The parties, by their attorneys, were before the commissioner on the taking of the testimony, and the record clearly shows that no one was prejudiced for the want of previous notice of the character of the testimony to be given, but no such notice was required. Under the theories of the parties the testimony was compe-

tent and correctly received.   How. Stat. § 7475; *Campau v. Dewey* 9 Mich. 407.

Assignments of error numbered 4 and 9 relate to the identification of the land described in Uzal Probasco's deed to Rosanna Probasco with that in question, and to the judge's charge relating thereto, and in these we discover no error. The premises in question the record shows to have been well known from the time of entry; and the facts that they were the home of John Probasco almost from the time they were entered, and well known by the oldest settlers in that section of country, and most of the transfers and bargains made by the several parties were made at the homestead, rendered the application of the description to the subject very easy, and the testimony objected to was all competent for the purpose offered.

The deeds from John Probasco to his two sons, John F. and Charles, were properly rejected as immaterial. The plaintiffs claimed no right under them, and the decree of the court setting them aside as fraudulent as against the rights of Elizabeth Probasco rendered them of no consequence against the defendants, who claimed to have purchased her interest in the premises under the decree and execution sale thereunder, which had been thus aided.

The right of Elizabeth to dower in the premises it was the privilege of these plaintiffs to contest at the proper time, but that question was not involved in this suit.

The plaintiffs claimed that if the execution against John Probasco was issued after his decease, the sale was void, and such being the fact, Day and Barton took no interest in the premises under the sale, and could therefore convey none to the defendant Hillman, and the court substantially so charged the jury; but plaintiffs' counsel went further, and requested the court to direct a verdict for the complainant, and unless the date of the time of the death of John Probasco as given by witness Lucy Bowen is somewhere in the evidence contested or disputed, the instruction should have been granted.   Herman on Executions 72, and cases cited.

Mrs. Bowen was the daughter of John Probasco.   She

testified she knew when her father died, and that he died on the 13th day of November, 1880. The execution upon the decree was not issued or teste'd until the 18th day of November, 1880, and we find no testimony contradicting or tending to contradict her testimony, or in any manner questioning her veracity. There seems to be no reason why this direction asked should not have been given.

We think, also, that the defendants Eckles and Boon were properly made parties to this suit. They were upon the premises, engaged in exercising acts of possession and ownership, under the direction of Hillman, who claimed to be owner, and we find no disclaimer of interest by them until the proofs were taken upon the stand. The judgment was rendered properly against all the defendants, and the record disclosing no error in the case, it must be affirmed.